UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

UNITED STATES OF AMERICA,                          Criminal No. 06-290  MJD/AJB

              Plaintiff,

v.                                      **REPORT AND RECOMMENDATION**

EVERARD TAYLOR,

              Defendant.


Andrew Winter, Esq., and W. Anders Folk, Esq., Assistant United States Attorneys, for the plaintiff, United States of America;

Glen P. Bruder, Esq., for the defendant, Everard Taylor.


This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on November 13, 2006, at the U.S. Courthouse, 180 East Fifth Street, St. Paul, MN 55101. The Court issued an Orders on Motions dated November 14, 2006, reserving defendant Everard Taylor's motion to suppress statements [Docket No. 11] and motion to suppress physical evidence [Docket No. 22][1] for submission to the District Court on report and recommendation.

Based upon the file and documents contained therein, along with the testimony of witnesses, exhibits, and the arguments of counsel, the Magistrate Judge makes the following:

**Findings**

Defendant Everard Taylor was arrested on September 25, 2006, on drug charges

---

[1] The court docket entry at No. 22 incorrectly identifies this motion to suppress as a motion for disclosure of Jencks Act material.

alleged in a federal indictment returned on September 7, 2006.  The indictment was based upon a grand jury determination that there was probable cause to believe that Mr. Taylor had sold crack cocaine on August 15, 2006.  The probable cause evidence was obtained by way of a controlled drug transaction in which a police informant gave buy money to the defendant in exchange for approximately one ounce of cocaine.  The exchange was arranged by prior telephone conversation between the defendant and the informant.  The informant was searched for drugs prior to the controlled buy.  The defendant arrived at the buy location in a Chevrolet Caprice.  The defendant got into the informant's vehicle to make the exchange.  Following the transaction the defendant returned to his vehicle and left the scene.  Officers subsequently obtained a subpoena for phone company records and determined that the informant's call to set up the transaction was made to a cell phone registered to the defendant.

Prior to arresting Mr. Taylor on September 25, 2006, officers began surveillance at the Oakdale residence of his girlfriend, Leah Armstrong, a location at which defendant had been known to stay.  The defendant was observed leaving the Oakdale residence in a vehicle and was subsequently stopped by an officer in a marked squad car.  Ms. Armstrong was with the defendant in the vehicle.  Mr. Taylor was arrested pursuant to the indictment.  An Oakdale police officer conducted a search incident to the arrest and found nine to ten grams of crack cocaine on defendant's person.

St. Paul Police Officer Mark Nelson met with the defendant on the day of the arrest for purposes of conducting an interview.  The defendant was read his <u>Miranda</u> rights from a pre-printed form (Hearing Exh. No. 2).  Mr. Taylor expressly acknowledged his understanding of each of his rights.  He initialed each of the rights on the form and he signed the document.  Though defendant's demeanor indicated he was saddened by the circumstances, he did not appear to be impaired.  The defendant

agree to speak with the officer and he thereafter made inculpatory statements. During the course of the interview the defendant did not request that questioning cease and he did not request the assistance of counsel. Defendant took sole responsibility for drugs that had been found and there was no express or implied threat that Ms. Armstrong would be prosecuted as a consequence of defendant's refusal to cooperate or make admissions.

**Search Warrants.** Following defendant's arrest on September 25, 2006, officers obtained a warrant to search the Oakdale residence where he had been observed earlier that day. Washington County District Court Judge Thomas Armstrong issued a warrant to search the particularly described premises which was identified in the supporting affidavit as a residence often used by Mr. Taylor (Hearing Exh. No. 1). The search warrant identified the objects of the warrant as cocaine in any form, documents indicating occupancy, money and bank documents, drug sales and use paraphernalia, photographs, other drugs, and guns and other weapons. The warrant was issued on the basis of probable cause evidence contained in an Affidavit of St. Paul Police Sgt. Timothy McCarty, including information obtained as the result of surveillance, a vehicle stop, defendant's arrest and a search of defendant's person incident to his arrest.

Officers also obtained a warrant to search a Ramsey County location on September 25, 2006. Ramsey County District Court Judge Kathleen Gearin issued a warrant to search a particularly described public storage unit (Hearing Exh. No. 3). The search warrant identified the objects of the warrant as cocaine in any form, documents indicating occupancy, money and bank documents, drug sales and use paraphernalia, photographs, other drugs, and guns and other weapons. The Ramsey County warrant was also issued on the basis of probable cause evidence contained in an

Affidavit of St. Paul Police Sgt. Timothy McCarty, including information obtained as the result of surveillance, a vehicle stop, defendant's arrest and a search of defendant's person incident to his arrest. In addition, the affidavit included evidence obtained in the execution of the prior search warrant in Oakdale, including drugs, a handgun, and documents evidencing defendant's ability to gain access to the storage unit to be searched. The warrant application cited the officer's experience such that drug dealers often keep drugs in storage facilities to distance themselves from actual possession in their homes.[2]

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

Defendant Everard Taylor's statements to Officer Nelson in an interview following his September 25, 2006, arrest were provided voluntarily and were not obtained in violation of defendant's constitutional rights. Defendant was properly advised and understood his rights pursuant to Miranda, (Hearing Exh. No. 2). He was not under the influence of drugs or alcohol and no threats or promises were made to induce him to make statements to the officer. In particular the Court concludes that defendant's interview statements were not obtained as a consequence of coercion, manipulation, or promises (or inferences) that Ms. Armstrong would not be prosecuted if he made admissions. In addition, the defendant's interview statements were not the product of an unlawful vehicle stop and arrest or unlawful search incident to the arrest. Suppression of defendant Taylor's interview statements

---

[2] No evidence was seized in the execution of the storage unit search warrant and the warrant was not offered by the government with respect to suppression issues. The application was offered by the defendant.

is not required.

**Search Warrants.**  Evidence obtained by search and seizure pursuant to warrant to search a residence in Oakdale, MN (Hearing Exh. No. 1) was not unlawfully obtained in violation of the constitutional rights of a defendant in this matter and suppression of the evidence is not required. The Oakdale search warrant was issued on September 25, 2006, and was based upon sufficient probable cause as determined by Washington County District Court Judge Thomas Armstrong. The warrant properly and sufficiently identified the location to be searched and the objects of the search. The warrant application and affidavit was submitted by St. Paul Police Sgt. Timothy McCarty and does not rely upon false, misleading, or inconsistent information. In particular, the application established a nexus between the search location and illegal drugs by indicating that the defendant had been observed leaving the residence and he made no other stops before being arrested and drugs being found on his person in the course of a lawful search incident to the arrest. A second warrant to search a storage unit was issued later in the day on September 25, 2006, by Ramsey County District Court Judge Kathleen Gearin (Hearing Exh. No. 3). The warrant application contains the affiant's assertion that "[i]t is my experience that narcotics dealers often keep drugs or other contraband in storage facilities to distance themselves from actual possession in their homes." The application statement is not false or misleading and does not establish any inconsistency regarding the suspected location of drugs which would negate or compromise the existence of probable cause as recited in the earlier warrant to search the Oakdale home. The court makes no express determination herein with respect to whether probable cause existed for issuance of the storage unit search warrant or whether the warrant was executed in good faith in any event. There is no basis for suppressing evidence obtained pursuant to execution of the

5

Oakdale search warrant and defendant Taylor's motion for suppression of physical evidence should therefore be denied.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Everard Taylor's Motion to Suppress Statements, Admissions, and Answers be **denied** [Docket No. 11].

2. Defendant Everard Taylor's Motion to Suppress Physical Evidence Obtained as a Result of Search and Seizure be **denied** [Docket No. 22].

Dated:     November 15, 2006

    s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before November 30, 2006.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.